| MAMES F. McKAY III, Judge.
In September of 1987, a tank car leaking butadiene caught fire and burned for three days while the car was parked on the CSX tracks in the Gentilly area. Several thousand residents in the area were exposed to the effects of this fire and were forced to evacuate from their homes. A large number of residents brought actions against a number of defendants due to this event.
The case was certified as a class action and went to trial in the summer of 1997; this trial (phase I) concerned the issue of damages as to twenty “bellwether” plaintiffs as well as the class wide issues of compensatory and punitive liability of the defendants. Phase I resulted in a verdict for the plaintiff class on the common issues with damages being awarded to the twenty plaintiffs. In phase II, the quantum of damages was tried as to those defendants that the jury found to have punitive liability.
In late 1998, the phase III trial commenced. Phase III involved a second flight of twenty plaintiffs; the issues involved in phase III were whether these twenty plaintiffs were entitled to damages and if so what the quantum of those | ¡.damages were. Of the twenty plaintiffs,eighteen were found to have some damages; Kristina Cash and Jewel Franklin were found to have suffered no damages. The jury made the following awards: Johnny Brown was awarded $10,000.00 for physical pain and suffering, $5,000.00 for mental anguish and $2,000.00 for evacuation/inconvenience; Regina Mercadel was awarded $2,500.00 for mental anguish; Gregory Atkinson was awarded $10,000.00 for pain and suffering, $5,000.00 for mental anguish and $3,000.00 for evacuation/inconvenience; Jeanette Barden was awarded $10,000.00 for physical pain- and suffering, $2,500.00 for mental anguish, $17,850.00 for property damage, $1,500.00 for evacuation/inconvenience, and $2,000.00 for medical expenses; Myrtle Tucker was awarded $20,000.00 for physical pain and suffering, $2,000.00 for mental anguish, $3,000.00 for evacuation/inconvenience, and $2,500.00 for medical expenses; Andrew Rondeno was awarded $10,000.00 for physical pain and suffering, $5,000.00 for mental anguish, $2,000.00 for property damage, $500.00 for past lost wages, and $2,000.00 for medical expenses; Shunta Dickerson was awarded $500.00 for physical pain and suffering, $100.00 for evacuation/inconvenience, and $500.00 for medical expenses; Cleveland Bethley was awarded $20,000.00 for physical pain and suffering,. $5,000.00 for mental anguish, and $2,500.00 for medical expenses; Joseph Hunter was awarded $10,000.00 for physical pain and suffering, $6,000.00 for mental anguish, $1,500.00 for evacuation/inconvenience, and $500.00 for past lost wages; Deborah Grant White was awarded $2,000.00 for mental anguish, $500.00 for property | adamage, and $1,500.00 for evacuation /inconvenience; Sandra August was awarded $200.00 for pain and suffering and $500.00 for evacuation/inconveriience; LaShann Freeman was awarded $15,000.00 for physical pain and suffering, $2,000.00 for mental anguish, $2,000.00 for evacuation/inconvenience, and $4,000.00 for medical expenses; Calvin McGee was awarded $15,000.00 for physical pain and suffering, $2,000.00 for evacuation/inconvenience, $500.00 for past lost wages, and $200.00 for medical expenses; Glenda Bell was awarded *416 $10,000.00 for physical pain and suffering, $2,000.00 for mental anguish, and $1,500.00 for evacuation/inconvenience; David Strong was awarded $100.00 for physical pain and suffering, $200.00 for past lost wages, and $150.00 for medicál expenses; Dana Paul was awarded $5,000.00 for physical pain and suffering and $3,000.00 for mental anguish; Breionne Robinson was awarded $10,000.00 for physical pain and suffering, $500.00 for mental anguish, and $1,500.00 for evaeuation/ineonvenience; and Jacqueline Thomas was awarded $60,000.00 for physical pain and suffering, $25,000.00 for mental anguish, and $15,000.00 for evacuation/inconvenienee. On July 9, 1999, the trial court entered judgment on the jury’s verdict. Thereafter, five of the plaintiffs (Shunta Dickerson, Kristina Cash, Sandra August, David Strong and Jewel Franklin) filed a motion for JNOV, new trial and/or additur, arguing that the jury awarded abusively low awards and that a share of punitive damages should be allocated to Sandra August and Kristina Cash. On April 26, 2000, the trial court denied the plaintiffs’ motions. These five plaintiffs now appeal.
DThe plaintiffs present three issues for review: 1) whether the facts and inferences point so strongly and overwhelmingly in favor of the plaintiffs that reasonable persons could not arrive at the verdict reached by the jury, and, thus whether the trial court erred in denying the JNOV; 2) whether the trial judge erred in denying the motion for new trial because there is no factual basis to support the abusively low damages awarded by the jury; and 3) whether the judge erred in failing to award a proportionate share of punitive damages to Kristina Cash and Jewel Franklin.
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of manifest error or unless it is clearly wrong. Cormier v. Comeaux, 98-2378 (La.7/7/99), 748 So.2d 1123, 1126. Where there are two permissible views of the evidence, the jury’s choice between them cannot be manifestly erroneous. Martin v. East Jefferson General Hosp., 582 So.2d 1272 (La.1991). Furthermore, the discretion vested in the trier of fact is great, “even vast,” so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
 A JNOV should be granted only where the “facts and inferences point so overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict. On the other hand, if there is substantial evidence opposed to the motions, that is evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied.” Scott v. Hospital Service District No. 1, 496 So.2d 270 (La.1986). In ruling on a motion for JNOV, a court may not weigh the evidence or substitute its judgment for that of the jury. Coleman v. Deno, 99-2998 (La.App. 4 Cir. 4/25/01), 787 So.2d 446.
Under Louisiana Code of Civil Procedure article 1972, a new trial is mandated (1) when the verdict or judgment appears clearly contraiy to the law and the evidence, (2) when the party has discovered since the trial, new evidence important to the cause which he could not with due diligence have obtained before or during the trial, and (3) when the jury was bribed or has behaved improperly so that impartial justice has been done. The jurisprudence recognizes the trial judge’s great discretion in deciding a motion for new trial and, on appeal, the appellate court is limited to a determination of whether a trial judge abused his “much discretion” in granting or denying a new trial. Zatarain *417 v. WDSU-Television, 95-2600 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181.
In the instant case, no award was made to Kristina Cash. Kiristina was two-years old at the time of the tank car fire and her family lived outside of the evacuation zone. Although Kristina’s mother testified that she complained about her eyes and stomach, no doctor testified, nor were any medical records introduced at trial.
Also no award of damages was made to Jewel Franklin. At the time of the tank car fire, she lived outside of the evacuation zone. Ms. Franklin claims that she was awakened on September 8, 1987 by a knock on the door and a voice said “evacuate.” However, she testified that she went back to sleep and did not ^evacuate until six in the evening. Although Ms. Franklin claims to have experienced a runny nose and watery eyes for a couple of days upon returning home and testified that she went to Charity Hospital and to a private doctor due to the tank car fire, she offered no corroborating evidence.
Shunta Dickerson was awarded $500.00 for physical pain and suffering, $100.00 for evacuation expenses and $500.00 for medical expenses. At trial, there was conflicting testimony about exactly where Ms. Dickerson was at the time of the fire. Ms. Dickerson claims to have suffered eye and nose irritation, which lasted for about a month as well as ongoing stomach cramps. However, she admits that she sought no treatment for her stomach cramps until 1999.
Sandra August was awarded $200.00 for physical pain and suffering and $500.00 for evacuation/inconvenience. She claimed eye, nose and throat irritation for two days, but sought no medical treatment as a result of the event. She also evacuated from her home, on the morning of September 9, 1987 and returned home the following' day.
David Strong was awarded $100.00 for his physical pain'and suffering, $200.00 for past loát wages' and $150.00 for medical expenses. Around 6:15 a.m. on September 9, 1987, Mr. Strong left his home at 2625 N. Miro Street (some twelve blocks from the tank car fire) and walked to his job with the' Sewerage and Water Board at 2900 Peoples Avenue. He testified that there was smoke in the air and debris were falling from the sky. He remained at work for about three hours until a coworker informed him that' the police had told them to leave the area. Mr. 17Strong-claims to have experienced watery eyes and a sore throat; he treated these conditions with Visine and Sucrets but sought no medical treatment.[1]
Based on the record before this Court, there is ample evidence for a reasonable trier of fact to make the same conclusions that this jury made regarding the quantum of damages. Accordingly, we find nothing manifestly erroneous nor clearly wrong with the trial court’s not granting a JNOV or a new trial.
We also find no error in the trial court’s not awarding a proportionate share of punitive damages to Kristina Cash and Jewel Franklin.. In order to obtain an award of exemplary or punitive damages, the plaintiff first must prove that the defendant’s conduct was wanton and reckless. In practice, this standard obliges the plaintiff to prove at least that the defendant proceeded in disregard of a high and excessive degree of danger, either known to him or apparent to a reasonable person in his position. Prosser & Keeton, supra, § 34, at 213-14. In other words, the *418 “wanton” or “reckless” conduct that must be proved is highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. Id. at 214; see also Griffin v. Tenneco Oil Co., 531 So.2d 498, 501 (La.App. 4 Cir.1988) (quoting Cates v. Beauregard Electric Cooperative, Inc., 316 So.2d 907, 918 (La.App. 3 Cir.1975)). Second, the plaintiff must show that the danger created by the defendant’s wanton or reckless conduct threatened or endangered the public safety. Third, the statute requires proof that the defendant’s wanton or reckless conduct occurred in the storage, handling or Istransportation of hazardous or toxic substances. Finally, the plaintiff is required to prove that his or her injury was caused by the defendant’s wanton or reckless conduct consisting of all of these elements. Billiot v. B.P. Oil Co., 93-1118 (La.9/29/94), 645 So.2d 604, 613. Kristina Cash and Jewel Franklin had no injuries.
For the foregoing reasons, we affirm the judgment below.
AFFIRMED.

. Mr. Strong claims to have seen Dr. Warren McKenna in 1997 because his eyes were constantly running.