# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-902


**JOSHUA L. ADAMS, ET AL.**

**VERSUS**

**UNION PACIFIC RAILROAD COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-C-3165-B
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CANDYCE G. PERRET
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Candyce G. Perret, and Jonathan W. Perry, Judges.


**AFFIRMED.**

**Kenneth Warren DeJean**
**Attorney at Law**
**Post Office Box 4325**
**Lafayette, LA 70502**
**(337) 235-5294**
**SPECIAL MASTER**

**William H.Howard, III**
**Alissa A. Allison**
**Kathlyn G. Perez**
**Laura E. Carlisle**
**Baker, Donelson, Bearman, Caldwell,**
**& Berkowitz, P.C.**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, LA 70170**
**(504) 566-5200**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Union Pacific Railroad Company**

**H. Alston Johnson, III**
**Steven J. Levine**
**Paul LeBlanc**
**John B. Shortess**
**Phelps Dunbar, LLP**
**Post Office Box 4412**
**Baton Rouge, LA 70821-4412**
**(225) 346-0285**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Union Pacific Railroad Company**

**Antonio M. Clayton**
**Clayton, Frugé & Ward**
**3741 Highway 1 South**
**Port Allen, LA 70767**
**(225) 344-7000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Union Pacific Railroad Company**

**Elena A. Pecoraro**
**Grant F. Freeman**
**Anna M. Grand**
**Pecoraro Law Firm**
**95 Woods Crossing, Suite 100**
**Lafayette, LA 70508**
**(337) 266-2233**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Union Pacific Railroad Company**

**D. Blayne Honeycutt**
**Colt J. Fore**
**Hannah Honeycutt Calandro**
**Fayard & Honeycutt**
**519 Florida Avenue, SW**
**Denham Springs, LA 70726**
**(225) 664-0304**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Katrina Berry**

**PERRET, Judge.**

In this train derailment case, defendant, Union Pacific Railroad Company (hereinafter, referred to as "Union Pacific"), appeals a trial court judgment that awarded plaintiff, Katrina Berry, damages in the amount of $750.00. For the following reasons, we affirm the trial court judgment.

**FACTS AND PROCEDURAL HISTORY:**

On August 4, 2013, twenty-six railcars[1] derailed near Lawtell, Louisiana, causing lube oil, dodecanol, and sodium hydroxide solution (also referred to as sulfidic caustic solution) to spill from some of the derailed train cars. Union Pacific owned and operated the train and tracks at issue and, as a result of the derailment and chemical spill, authorities implemented a one-mile radius evacuation zone that remained in effect until August 7, 2013.

Ms. Berry filed suit against Union Pacific on July 11, 2014. On September 12, 2016, Union Pacific stipulated to liability; thus, causation and damages were the only issues before the trial court. On February 8, 2017, the trial court appointed Kenneth DeJean as the Special Master pursuant to La.R.S. 13:4165, to preside over all the trials and ordered that each plaintiff's case be tried separately.[2]

Union Pacific presented its case on June 27-28, 2017, with Ms. Berry presenting her case on August 14, 2017. On October 20, 2017, the Special Master issued his Report and Recommendation, which found that Ms. Berry "has proven that, it is more probable than not, her complaints and damages as stated at trial

---

[1] Union Pacific's brief refers to only twenty-three train cars derailing. However, the evidence suggests that an updated report from Union Pacific indicated that twenty-six train cars derailed.

[2] The appointment of a special master may be made "[p]ursuant to the inherent judicial power of the court and upon its own motion and with the consent of all parties litigant." La.R.S. 13:4165(A). In such capacity, the special master "has and shall exercise the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties." La.R.S. 13:4165(B). Such duties may include making "findings of fact or conclusions of law." La.R.S. 13:4165(C)(1).

were caused as a result of the train derailment and resulting chemical spill and/or the threat of a chemical spill and the evacuation order and associated road closures." The Special Master "recommend[ed] that the District Court find that causation for her complaints and damages has been established" and recommended that the trial court award Ms. Berry $500.00 for "Inconvenience," and $250.00 for "Mental Anguish." The Special Master's Report and Recommendation provided the following pertinent findings of fact as to Ms. Berry (emphasis added):

1. A train derailment occurred on August 4, 2013 between the time of 3:20pm and 3:30pm in Lawtell, Louisiana.

2. This derailment involved a train and tracks owned, operated and maintained by the defendant, Union Pacific Railroad Company.

3. As a result of the derailment, Governor Bobby Jindal issued a proclamation declaring the area a disaster area. This was widely disseminated by the local media and news outlets.

4. The media and local news outlets reported on the derailment and evacuation as well as the threat posed by the chemicals being transported in the rail cars.

5. As a result of this derailment, chemicals were spilled (including lube oil, dodecanol and sodium hydroxide) from some of the derailed train cars.

6. The derailment and its resulting chemical spill and the threat of the spill was the cause of an evacuation order being issued for the residents located within an approximate one mile radius of the derailment with the center of the radius being the derailment site and thus potentially extending that distance from either end of the derailment.

7. As a result of the derailment and resulting chemical spill and/or threat of chemical spill, many of the residents in areas near the derailment and evacuation area were displaced and were required to be evacuated from their homes, property and/or businesses. **The result was widespread fear and fright and/or mental anguish and anxiety for many residents within the evacuation zone and extending to many residents located outside of the evacuation zone based on the perception of some residents of a real danger or threat of harm from the derailment and the cargo and contents of some of the tank cars.**

. . . .

18. Katrina Berry was a resident of Jeanerette, Louisiana at the time of the derailment.

19. Katrina Berry was not at home at the time of the derailment. She was at a family gathering at her cousin's house in Lawtell, Louisiana.

20. Katrina Berry heard a loud noise on the day of the derailment.

21. Katrina Berry did not witness the derailment.

22. Katrina Berry smelled a "burning odor" smell sometime after the derailment occurred.

23. Katrina Berry did not miss any work or have any physical symptoms as a result of the derailment.

24. Katrina Berry stayed at her cousin's house in Lawtell, Louisiana on the night of the derailment due to road closures associated with the derailment.

On November 6, 2017, Union Pacific filed an objection to the Report and Recommendation with the trial court arguing for a de novo review on the basis that the Special Master's "findings of fact and conclusions of law are erroneous." Following a hearing on July 27, 2018, the trial court issued an oral ruling affirming the Special Master's Report and Recommendation and subsequently rendered a written judgment in favor of Ms. Berry and against Union Pacific. Notably, the trial court awarded Ms. Berry a lump sum in the amount of $750.00.[3]

Union Pacific now appeals this judgment, alleging the following two assignments of error: (1) the trial court erred in awarding damages to Ms. Berry due to the negligent infliction of mental anguish and inconvenience, where there was no accompanying physical injury or property damage, and any mental anguish experienced was minor; and (2) the trial court abused its discretion by awarding

---

[3] The judgment at issue was signed on September 6, 2018, and was designated as final and immediately appealable.

3

$750.00 for inconvenience and mental distress given the minor nature of the claims.[4]

**STANDARD OF REVIEW:**

In this case, the trial judge sat as the trier of fact.[5] In order for this court to reverse the factual findings of the trial judge, manifest error must exist. *Stobart v. State*, *Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). Under a manifest error standard of review, this court can only reverse if it finds, based on the entire record, that there is no reasonable factual basis for the factual finding and that the factfinder is clearly wrong. *Id.* As stated in *Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989) (citations omitted):

> [w]hen findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses,

---

[4] Although Union Pacific's second assignment of error alleges that the trial court abused its discretion by awarding $750.00 for inconvenience and mental distress, its argument only addresses the "$500.00 for inconvenience due to an overnight 'shelter in place.'" As such, we will only address whether the trial court abused its discretion in its award of $500.00 for inconvenience damages.

[5] Although under the authority of La.R.S. 13:4165 the district court empowered the Special Master to make findings of fact and conclusions of law, the Louisiana constitution and laws vest the judicial power in judges to make the final determinations of fact and conclusions of law. *See Bordelon v. Louisiana Dep't of Corrections,* 398 So.2d 1103 (La.1981). In conformity with that mandate, La.R.S. 13:4165(C)(3) provides, in pertinent part, "After a contradictory hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions." In the present case, the trial court affirmed the Special Master's findings of fact and conclusions of law. Thus, the trial judge functioned as the ultimate factfinder and adjudicator of the law in this case.

4

that finding can virtually never be manifestly erroneous or clearly wrong.

Thus, this court must be cautious not to reweigh the evidence or to substitute its own factual findings just because it would have decided the case differently.

Further, the trial court has much discretion in assessing general damages, and an appellate court should not modify the award unless it is "beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances[.]" *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied* 510 U.S. 1114, 114 S.Ct. 1059, (1994). Only if the appellate court finds an abuse of discretion may it examine prior awards of general damages to determine the amount the trier of fact reasonably could award. *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337 (La.1993). "In instances where the appellate court is compelled to modify awards, the award will only be disturbed to the extent of lowering or raising an award to the highest or lowest point which is reasonably within the discretion afforded the trial court." *Id.* at 1340.

**DISCUSSION:**

*Mental Anguish and Inconvenience Damages*

Union Pacific argues in its first assignment of error that the trial court erred in awarding damages to Ms. Berry due to the negligent infliction of mental anguish and inconvenience, where there was no accompanying physical injury or property damage, and any mental anguish experienced was minor. In support of this proposition, Union Pacific cites to the Louisiana Supreme Court case, *Moresi v. State Through Department of Wildlife and Fisheries,* 567 So.2d 1081, 1095 (La.1990), wherein the plaintiffs sought "to recover on the basis that defendants' ordinary negligence caused them only mental disturbance." The court held that a

plaintiff, without bodily harm or property damage, may recover for mental injuries if the situation creates "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Id.* at 1096. Union Pacific argues that Ms. Berry's circumstances do not constitute "special circumstances" and that the trial court manifestly erred in awarding any damages under these facts.

In response, Ms. Berry argues that she can recover mental anguish damages due to her proximity to the event, her "witnessing injury to others, and [the] contemporaneous reports from reliable sources that the danger [was] real." Thus, Ms. Berry alleges that she can recover mental anguish damages despite not having a physical injury or property damage.

Before addressing the merits of this assignment of error, it is worth noting that a lump sum judgment of damages, as we have in this case, "is presumed to award all items of damages claimed, and the appellant's burden of proving the fact finder clearly abused its great discretion is more difficult than usual because the intention to award a specific amount for any particular item is not readily ascertainable." *Boutte v. Nissan Motor Corp.*, 94-1470, p.12 (La.App. 3 Cir. 9/13/95), 663 So.2d 154, 161. Nonetheless, because the lump sum of $750.00 awarded for damages is the full amount the Special Master recommended on behalf of Ms. Berry, we assume the trial court adopted the Special Master's recommended mental anguish damage award of $250.00, and inconvenience award of $500.00. As such, we will now address whether the trial court erred in awarding Ms. Berry damages for her mental anguish and inconvenience claims.

In this case, Ms. Berry's petition requests the following damages: costs of medical treatment; past, present and future lost wages; past, present, and future mental anguish; loss of enjoyment of life; inconvenience; nuisance; medical

6

monitoring expenses; contamination to property; and trespass. The Special Master provided the following reasons for awarding Ms. Berry with mental anguish and inconvenience damages:

> I find that the testimony of Katrina Berry regarding what she experienced in the derailment, the chemical spill and/or threat of chemical spill and evacuation to be credible. I find that her concerns are real to her and that she has proven a particular likelihood of genuine, serious and causally connected mental distress arising from the special circumstances of the train derailment and resulting chemical spill, the threat of a chemical spill and resulting evacuation. I find that the "special circumstances" of a train derailment and resulting chemical spill and uncertain threat of chemical spill and evacuation which occurred in close proximity to the house that plaintiff was at on the day of the derailment are more serious and distressful circumstances than the circumstances presented in the cases of *Moresi* and *Bonnette* [*v. Conoco, Inc.*, 01-2767 (La. 1/28/03), 837 So.2d 1219]. Additionally, unlike in *Moresi* and *Bonnette*, there was an evacuation order, with associated road closures, issued as a precautionary measure in this matter in order to protect area residents from any harm, or potential harm, arising from the derailment and chemical spill. Furthermore, the widespread media and government coverage and statements of authorities established that there was a real threat of harm for area residents resulting from the derailment and chemical spill. These are major distinguishing factors between this incident and the incidents that occurred in *Moresi*, *Bonnette* and *Howard* [*v. Union Carbide Corp.*, 09-2750 (La. 10/19/10), 50 So.3d 1251] that cannot be ignored. As such, for the reasons stated above, and the law and evidence herein, I find that this case is factually distinguishable from *Moresi, Bonnette* and *Howard*.

> I find the worry and fear of plaintiff, Katrina Berry, to be genuine, serious and reasonable under the circumstances. She was outside at the time of the derailment and heard a loud noise. An officer came to the house she was at and told them not to leave due to road closures resulting from the derailment. She smelled a "burning rubber" odor which lasted for about an hour. She testified that she is now fearful when she drives over train tracks.

> I find that Katrina Berry was inconvenienced as a result of the derailment and resulting evacuation order and road closures. Katrina Berry was at her cousin's house in Lawtell on the day of the derailment. She had to stay at her cousin's house on the night of the derailment due to road closures and could not return to her home in Jeanerette, Louisiana that night. She essentially had to shelter in place. She did not have any extra clothes with her. She drove home the next day and did not miss any work.

We also find *Bonnette v. Conoco, Inc.*, 01-2767 (La. 1/28/03), 837 So.2d 1219, cited by Union Pacific, distinguishable from the facts of this case because it involved claims for exposure to asbestos, and the fear of developing an asbestos related cancer, and did not involve claims of a train derailment, spilled chemicals, and a governor's emergency proclamation. Similarly, *Moresi*, 567 So.2d 1081, which involved a civil rights action by duck hunters against the state game agents who left a note on the wrong camp, is also distinguishable for those reasons. After a review of the record, we agree with the Special Master's reasons for awarding Ms. Berry with mental anguish damages and also find that Ms. Berry's testimony regarding the loud noise, the odor in the air, and the fact that a police officer told her to "stay put" because of the road closures presents the type of special circumstances described by the supreme court in *Moresi*.

Based on these facts and the mental distress experienced by Ms. Berry, we find no abuse of discretion in the trial court's award of $250.00 for her mental anguish claim.

Union Pacific further argues in its first assignment of error that the trial court erred in awarding damages to Ms. Berry for her inconvenience, absent any accompanying physical injury or property damage. Union Pacific argues that Ms. Berry offered no evidence of "severe emotional distress" and that this award is purely for ordinary inconvenience.

Contrarily, Ms. Berry argues that she suffered a "'present injury' in having to shelter in place over night" and that the "order to shelter in place given by a police officer was the result of a proven event which caused a temporary deprivation of . . . [her] legally protected interest in her ability to return home." Ms. Berry cites to *McDonald v. Illinois Central Gulf Railroad Co.*, 546 So.2d 1287

(La.App. 1 Cir.), *writs denied*, 551 So.2d 1340 (La.1989), to support her argument that Louisiana law allows recovery for inconvenience claims.

In *McDonald*, a train derailed about half a mile from the McDonalds' home causing a huge explosion. The explosion caused a fire to erupt and it blew out the front windows of the Quick Stop Grocery Store, which was owned and operated by the McDonalds. Although Mr. McDonald actually witnessed the explosion that caused glass to break in his store, Mrs. McDonald only heard the explosion from her home. The McDonalds were forced to flee their home for two weeks and had to live with relatives.

On appeal, the court found an award for the McDonalds' inconvenience was appropriate. Specifically, the court stated, in pertinent part:

> The inconvenience he [Mr. McDonald] experienced during the evacuation is also compensable, since it is directly related to the derailment. Likewise, Mrs. McDonald is entitled to an award for inconvenience during the two weeks she was forced to stay with relatives during the evacuation. Both were forced out of their home by the derailment and were, even for another two weeks, compelled to spend all their time cleaning up their home and store. An award of $5,000.00 to each plaintiff for immediate inconvenience is appropriate.

*McDonald,* 546 So.2d at 1292 (citation omitted).

The only evidence in the record to support an award for inconvenience is Ms. Berry's testimony that a police officer told her to "stay in the area" because of the road closures; thus, she had no choice but to stay overnight at her cousin's house without having a change of clothes. As a result, she could not return to her home in Jeanerette. Based on these facts, we cannot say the trial court abused its great discretion in awarding inconvenience damages to Ms. Berry. Accordingly, we find no merit to this assignment of error.

9

### *Damage Award of $500.00 for Inconvenience*

Union Pacific argues in its second assignment of error that the trial court abused its discretion by awarding Ms. Berry $500.00 for her inconvenience. In support of its argument, Union Pacific cites to *England v. Fifth Louisiana Levee District.*, 49,795 (La.App. 2 Cir. 6/3/15), 167 So.3d 1105, wherein the plaintiffs had no physical injuries or physical damage to their property, to suggest that the highest reasonable award justified by this record is $25.00 per day. In response, Ms. Berry cites to *McDonald* and *In re New Orleans Train Car Leakage Fire Litigation*, 00-1919 (La.App. 4 Cir. 4/20/05), 903 So.2d 9, *writ denied*, 05-1297 (La. 2/3/06), 922 So.2d 1171, to support her award of $500.00 for inconvenience damages.

In *McDonald,* 546 So.2d 1287, the first circuit concluded the highest reasonable award permissible for inconvenience, where the plaintiffs were forced to evacuate following a train derailment that caused explosions and fires which damaged their property, was $5,000.00 for the evacuation and inconvenience. In that case, the McDonalds were forced to flee their home and business for two weeks and had to live with relatives. When they could return, the McDonalds spent time cleaning up the mess that was left behind.

In *In re New Orleans Train Car Leakage Fire Litigation*, 903 So.2d 9, the fourth circuit affirmed the finding that damages for inconvenience were appropriate for numerous plaintiffs injured by a leaking tank car fire. The defendants only challenged one of the evacuation/inconvenience awards, and that was of Jacqueline Thomas. Ms. Thomas was awarded $60,000.00 for physical pain and suffering, $25,000.00 for mental anguish, and $15,000.00 for evacuation/inconvenience. The defendants challenged the entirety of her award as being unsupported. Not only did Ms. Thomas experience physical symptoms, she

was elderly and caring for five of her grandchildren. She, along with the children, evacuated to an overcrowded shelter that was unsanitary. She did not have time to pack extra clothes and continued to wear a shirt soaked with urine because she did not have enough diapers for the baby. When Ms. Thomas returned home, she had to clean the entire house, wash all of the clothes, and throw away all of the food. The appellate court affirmed the award.

*England,* 167 So.3d 1105, also supports an award in this case. In *England,* the second circuit awarded $50.00 per day for ten days for inconvenience damages due to a contaminated water supply plus an additional $100.00 for direct expenses for the cost of additional water supplies. Plaintiffs in that case were forced to make trips to laundry facilities, daily trips to bathe at friends' homes, and trips to purchase bottled water. The *England* court specifically stated that "loss of use of property allows for economic recovery in tort." *Id.* at 1113.

Additionally, the fourth circuit in *Adams v. CSX Railroads*, 01-114 (La.App. 4 Cir. 4/20/05), 902 So.2d 413, also reviewed the same leaking tank car fire involved in *In re New Orleans Train Car Leakage Fire Litigation*, 903 So.2d 9. Several plaintiffs sought review of the trial court's denial of their motion for new trial in which they alleged there was no factual basis to support the low damages awarded by the jury. On appeal, only one plaintiff's evacuation/inconvenience damage amount was challenged, that of Sandra August, who received $200.00 for physical pain and suffering as well as $500.00 for evacuation/inconvenience.[6] Ms. August evacuated her home in the morning and returned home the following day. She suffered from "eye, nose and throat irritation for two days[.]" *Id.* at 417. The

---

[6] Shunta Dickerson was awarded $100.00 for "evacuation *expenses*[,]" but those damages were not listed as "evacuation/inconvenience" damages as were Ms. August's damages. *Adams,* 902 So.2d at 417 (emphasis added).

11

fourth circuit found no abuse in discretion of the $500.00 awarded for Ms. August's evacuation and inconvenience.

In this case, Ms. Berry testified that the only inconvenience she experienced was having to "stay put" at her cousin's house for the night, without a change of clothes, and that she was unable to return to her home in Jeanerette.

Although Ms. Berry cites to *McDonald* and *New Orleans Train Car Leakage Fire Litigation* to support her award for inconvenience damages, we find these cases distinguishable based on the fact that the plaintiffs in those cases suffered either physical injuries and/or property damages along with inconvenience damages. We also find the *England* case, that Union Pacific relies upon to argue that the highest reasonable award justified by this record is $25.00 per day, is distinguishable from the facts of this case because unlike Ms. Berry, the plaintiffs in *England* were not displaced from their homes.

After reviewing the caselaw and facts of this case, we find no abuse of discretion in the trial court's $500.00 inconvenience award where Ms. Berry was unable to return to her home following the derailment and had to "stay put" for the night, without a change of clothes. Accordingly, we find no merit to this assignment of error.

**CONCLUSION:**

For these reasons, we find that the trial court was within its discretion in awarding damages of $250.00 for Ms. Berry's mental anguish claim and $500.00 for Ms. Berry's inconvenience claim. Accordingly, we affirm the trial court judgment that awarded Ms. Berry $750.00 in total damages. All costs of this appeal are assessed to Union Pacific.

**AFFIRMED.**

12