# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-904


**JOSHUA L. ADAMS, ET AL.**

**VERSUS**

**UNION PACIFIC RAILROAD COMPANY**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-C-3165-B
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Candyce G. Perret, and Jonathan W. Perry, Judges.


**AMENDED AND, AS AMENDED, AFFIRMED.**

Kenneth Warren DeJean
Attorney at Law
Post Office Box 4235
Lafayette, LA 70502
(337) 235-5294
SPECIAL MASTER

William H. Howard, III
Alissa A. Allison
Kathlyn G. Perez
Laura E. Carlisle
Baker, Donelson, Bearman, Caldwell,
& Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
(504) 566-5200
COUNSEL FOR DEFENDANT/APPELLANT:
     Union Pacific Railroad Company

H. Alston Johnson, III
Steven J. Levine
Paul LeBlancJr.
John B. Shortess
Phelps Dunbar, LLP
Post Office Box 4412
Baton Rouge, LA 70821-4412
(225) 346-0285
COUNSEL FOR DEFENDANT/APPELLANT:
     Union Pacific Railroad Company

Antonio M. Clayton
Clayton, Frugé & Ward
3741 Highway 1 South
Port Allen, LA 70767
(225) 344-7000
COUNSEL FOR DEFENDANT/APPELLANT:
     Union Pacific Railroad Company

Elena A. Pecoraro
Grant F. Freeman
Anna M. Grand
Pecoraro Law Firm
95 Woods Crossing, Suite 100
Lafayette, LA 70508
(337) 266-2233
COUNSEL FOR DEFENDANT/APPELLANT:
     Union Pacific Railroad Company

**D. Blayne Honeycutt**
**Colt J. Fore**
**Hannah Honeycutt Calandro**
**Fayard & Honeycutt**
**519 Florida Avenue, SW**
**Denham Springs, LA 70726**
**(225) 664-0304**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Pauline Beam**

**PERRET, Judge.**

This case is one of several stemming from a train derailment in Lawtell, Louisiana ("Lawtell Derailment") and those injuries suffered by members of the surrounding community. Defendant-Appellant Union Pacific Railroad Company ("Union Pacific") appeals the trial court judgment that awarded Plaintiff, Pauline Beam, damages in the amount of $4,500.00. For the following reasons, we amend the award to $1,000.00 and affirm as amended.

**FACTUAL AND PROCEDURAL BACKGROUND:**

On August 4, 2013, a train derailed near Lawtell, Louisiana. Twenty-six railcars[1] derailed, causing lube oil, dodecanol, and sodium hydroxide solution (also referred to as sulfidic caustic solution) to spill from three of the derailed train cars. The derailment prompted a one-mile radius evacuation zone that remained in effect until August 7, 2013. Many of those evacuated were directed to Evangeline Downs and were housed there at the hotel for several days.

Multiple residents, including Plaintiff, Pauline Beam, filed suit on July 11, 2014, against Union Pacific. In the April 1, 2016 case management order, all cases pending in the Louisiana Twenty-Seventh Judicial District Court related to the Lawtell Derailment were consolidated into one division for the purpose of determining liability. Union Pacific stipulated to liability on September 12, 2016, but reserved its causation and damages defenses.

On February 8, 2017, the trial court appointed Kenneth DeJean as Special Master to preside over the causation/damages trials of the pending claims pursuant

---

[1] Union Pacific's brief refers to only twenty-three train cars derailing. However, the evidence suggests that an updated report from Union Pacific indicated that twenty-six train cars derailed.

to La.R.S. 13:4165.[2] The cases were not consolidated and, therefore, each plaintiff's case was tried separately and resulted in separate judgments.

Ms. Beam presented her case-in-chief on June 26, 2017, with Union Pacific presenting its case on June 27-28, 2017. The Special Master issued his report and recommendation on Ms. Beam's case on October 11, 2017. The Special Master's report summarized Ms. Beam's testimony as follows: "The testimony establishes that Ms. Beam is an 87-year-old woman who was in poor health at the time of the derailment and was limited physically." Ms. Beam did not testify and instead a stipulation regarding her age and the length of time she was evacuated was entered into the record for her case on June 27, 2017, specifically: "Ms. Beam is an 87 year old lady. We're just going to stipulate she was evacuated for three days. That's the extent of her claim." Ms. Beam's daughter, Rebecca Miller, and son-in-law, Robert Miller, with whom Ms. Beam lives, also testified that for the first night of the evacuation the three of them went to a relative's house where Ms. Beam slept in a recliner.[3] The second night, the three went to Evangeline Downs where Ms. Beam slept in a bed.

The Special Master made the following factual findings:

1.   A train derailment occurred on August 4, 2013 between the time of 3:20pm and 3:30pm in Lawtell, Louisiana.

2.   This derailment involved a train and tracks owned, operated and maintained by the defendant, Union Pacific Railroad Company.

---

[2] The appointment of a special master may be made "[p]ursuant to the inherent judicial power of the court and upon its own motion and with the consent of all parties litigant[.]" La.R.S. 13:4165(A). In such capacity, the special master "has and shall exercise the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties." La.R.S. 13:4165(B). Such duties may include making "findings of fact or conclusions of law[.]" La. R.S. 13:4165(C)(1).

[3] This testimony was entered into Mr. Miller's case, which is in Division A.

2

3. As a result of the derailment, Governor Bobby Jindal issued a proclamation declaring the area a disaster area. This was widely disseminated by the local media and news outlets.

4. The media and local news outlets reported on the derailment and evacuation as well as the threat posed by the chemicals being transported in the rail cars.

5. As a result of this derailment, chemicals were spilled (including lube oil, dodecanol and sodium hydroxide) from some of the derailed train cars.

6. The derailment and its resulting chemical spill and the threat of the spill was the cause of an evacuation order being issued for the residents located within an approximate one mile radius of the derailment with the center of the radius being the derailment site and thus potentially extending that distance from either end of the derailment.

7. As a result of the derailment and resulting chemical spill and/or threat of chemical spill, many of the residents in areas near the derailment and evacuation area were displaced and were required to be evacuated from their homes, property and/or businesses. The result was widespread fear and fright and/or mental anguish and anxiety for many residents within the evacuation zone and extending to many residents located outside of the evacuation zone based on the perception of some residents of a real danger or threat of harm from the derailment and the cargo and contents of some of the tank cars.

. . . .

17. The evacuation order and associated evacuation of residents was a direct result of the train derailment.

18. Pauline Beam was 87 years old at the time of the trial in this matter.

19. The plaintiff, Pauline Beam, along with her daughter, Rebecca Miller, and son-in-law, Robert Miller, were required to evacuate from their home on the afternoon of the derailment as a result of the derailment and ordered evacuation. They were away from their home for two nights and three days.

20. The parties stipulated that if Ms. Beam were called, she would testify that she was evacuated for three days.

The Special Master further concluded:

[T]he evidence establishes a particular likelihood of genuine, serious and causally connected inconvenience arising from the special circumstances of the train derailment and resulting chemical spill, the threat of a chemical spill and resulting evacuation. I find that the 'special circumstances' of a train derailment and resulting chemical spill and uncertain threat of chemical spill and evacuation which occurred in close proximity to plaintiff's house are more serious and distressful circumstances than the circumstances presented in the cases of *Moresi* [*v. State Through Department of Wildlife and Fisheries*, 567 So.2d 1081 (La.1990)] and *Bonnette* [*v. Conoco, Inc.*, 01-2767 (La. 1/28/03), 837 So.2d 1219].

Thereafter, the Special Master recommended an award of $4,500.00 for Ms. Beam's "Evacuation/Inconvenience."

Union Pacific objected to the recommendation alleging that the Special Master erred in finding that Louisiana law recognizes a cause of action for negligent infliction of mere inconvenience in the absence of physical injury and property damage. Union Pacific asserted that inconvenience damages are only awarded as "add-ons," and not in situations where the evacuated persons were provided accommodations and suffered no wage or business loss.

After a hearing on July 27, 2018, regarding Union Pacific's objection to the Special Master's recommendation, the trial court affirmed the Special Master's recommendation in favor of Ms. Beam, according to La.R.S. 13:4165C(3); awarded a lump sum in the amount of $4,500.00, without specifying what damages were included, plus judicial interest from the date the Petition was filed, July 11, 2014, until paid; and cast all costs, including Special Master's fees, against Union Pacific. The trial court's judgment was signed September 6, 2018, and was designated as final and immediately appealable.

On appeal, Union Pacific assigns two assignments of error:

1. The [trial court] erred in awarding damages to Plaintiff on the basis of negligent infliction of inconvenience, absent any accompanying physical injury or property damage.

4

2.     The [trial court] abused its discretion by awarding $4,500[.00] for inconvenience on the basis of a roughly 48-hour precautionary evacuation.

**STANDARD OF REVIEW:**

In this case, the trial judge sat as the trier of fact.[4] On appeal, factual findings are not set aside absent manifest error or unless the trial court was clearly wrong. *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). To reverse a trial court's factual findings, the appellate court must apply a two-tiered test when reviewing the facts and must find that (1) the record does not establish a reasonable factual basis for the finding of the trial court, and (2) "the record establishes that the finding of the trial court is clearly wrong (manifestly erroneous)." *Bradford v. CITGO Petroleum Corp.*, 17-296, p. 4 (La.App. 3 Cir. 1/10/18), 237 So.3d 648, 658-59, *writ denied*, 18-272 (La. 5/11/18), 241 So.3d 314. However, "[i]f the trial court's findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse." *Arabie v. CITGO Petroleum Corp.*, 10-2605, p. 19 (La. 3/13/12), 89 So.3d 307, 312. Thus, "when there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous." *Id*. This court must be cautious not to reweigh the evidence or to substitute its own factual findings just because it would have decided the case differently. *See generally Housely v. Cerise*, 579 So.2d 973 (La.1991).

---

[4] Although under the authority of La.R.S. 13:4165 the district court empowered the Special Master to make findings of fact and conclusions of law, the Louisiana constitution and laws vest the judicial power in judges to make the final determinations of fact and conclusions of law. *See Bordelon v. La. Dep't of Corrections,* 398 So.2d 1103 (La.1981). In conformity with that mandate, La.R.S. 13:4165(C)(3) provides, in pertinent part, "After a contradictory hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions." In the present case, the trial court affirmed the Special Master's findings of fact and conclusions of law. Thus, the trial judge functioned as the ultimate factfinder and adjudicator of the law in this case.

Further, the trial court has much discretion in assessing general damages, and an appellate court should not modify the award unless it is "beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances[.]" *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). Only if the appellate court finds an abuse of discretion may it examine prior awards of general damages to determine the amount the trier of fact reasonably could award. *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993). "In instances where the appellate court is compelled to modify awards, the award will only be disturbed to the extent of lowering or raising an award to the highest or lowest point which is reasonably within the discretion afforded the trial court." *Id.* at 1340.

**DISCUSSION:**

Before addressing the merits of Union Pacific's assignments of error, it is worth noting that a lump sum judgment of damages, as we have in this case, "is presumed to award all items of damages claimed, and the appellant's burden of proving the fact finder clearly abused its great discretion is more difficult than usual because the intention to award a specific amount for any particular item is not readily ascertainable." *Boutte v. Nissan Motor Corp.*, 94-1470, p. 12 (La.App. 3 Cir. 9/13/95), 663 So.2d 154, 161.

In this case, Ms. Beam's petition requests the following damages: costs of medical treatment; past, present, and future lost wages; past, present, and future mental anguish; loss of enjoyment of life; inconvenience; nuisance; medical monitoring expenses; contamination to property; trespass; and "[o]ther damages which will be shown at the trial of this matter."

6

Therefore, *Boutte* would suggest that we would have to find that the trial court abused its discretion in awarding Ms. Beam $4,500.00 in total for her general damages in order to reverse. Nonetheless, because the lump sum of $4,500.00 awarded for damages is the full amount that the Special Master recommended on behalf of Ms. Beam, and there was a stipulation that the extent of Ms. Beam's claim is that she was evacuated for three days, we assume that the trial court's award is compensating Ms. Beam only for damages pertaining to her evacuation and inconvenience.

In their assignments of error, Union Pacific argues that Louisiana courts have not awarded damages for inconvenience absent mental or physical injury and where reasonable accommodations were provided, and that Ms. Beam's entitlement to damages is not supported by the record. Additionally, Union Pacific argues that the trial court abused its discretion by awarding Ms. Beam $4,500.00 for inconvenience.

In response, Ms. Beam argues that she suffered an injury in having to evacuate her home for two nights and three days. The evacuation resulted in a "temporary deprivation" of her "legally protected interest in her home" and, therefore, she is entitled to inconvenience damages as general damages.

In *McDonald v. Illinois Center Gulf Railroad Co.*, 546 So.2d 1287 (La.App. 1 Cir.), *writs denied*, 551 So.2d 1340 (La.1989), the first circuit agreed with awarding damages for inconvenience, but disagreed with the amount, where the plaintiffs were forced to evacuate following a train derailment that caused explosions and fires which damaged their property. The explosion caused a fire that blew out the front windows of the McDonalds' business, in which Mr. McDonald was working at the time. Mrs. McDonald heard the explosion but was

at home when it occurred and did not witness the event. The McDonalds were forced to flee their home and business for two weeks and had to live with relatives. When they could return, the McDonalds spent several weeks cleaning up the mess that was left behind.

On appeal, the first circuit found that an award for the McDonalds' inconvenience was appropriate. Specifically, the first circuit stated:

> The inconvenience he [Mr. McDonald] experienced during the evacuation is also compensable, since it is directly related to the derailment. Likewise, Mrs. McDonald is entitled to an award for inconvenience during the two weeks she was forced to stay with relatives during the evacuation. Both were forced out of their home by the derailment and were, even for another two weeks, compelled to spend all their time cleaning up their home and store.

*McDonald*, 546 So.2d at 1292 (citation omitted).

In *In re New Orleans Train Car Leakage Fire Litigation*, 00-1919 (La.App. 4 Cir. 4/20/05), 903 So.2d 9, *writ denied*, 05-1297 (La. 2/3/06), 922 So.2d 1171, the fourth circuit affirmed the finding that damages for inconvenience were appropriate for numerous plaintiffs injured by a leaking tank car fire. The defendants only challenged one of the evacuation/inconvenience awards, that of Jacqueline Thomas. Ms. Thomas "was awarded $60,000.00 for physical pain and suffering, $25,000.00 for mental anguish, and $15,000.00 for evacuation/inconvenience." *Id*. at 14. The defendants challenged the entirety of her award as being unsupported. Not only did Ms. Thomas experience physical symptoms, she was elderly and caring for five of her grandchildren. She, along with the children, evacuated to an overcrowded shelter that was unsanitary. She did not have time to pack extra clothes and, in fact, continued to wear a shirt soaked with urine because she did not have enough diapers for the baby. When

Ms. Thomas returned home, she had to clean the entire house, wash all the clothes, and throw away all the food. The appellate court affirmed the award.

In *England v. Fifth Louisiana Levee District*, 49,795 (La.App. 2 Cir. 6/3/15), 167 So.3d 1105, the second circuit awarded damages for the plaintiffs' loss of use of property. The second circuit awarded $50.00 per day for ten days of inconvenience due to a contaminated water supply plus an additional $100.00 for direct expenses for the cost of additional water supplies. The *England* plaintiffs were forced to make trips to laundry facilities, daily trips to bathe at friends' homes, and trips to purchase bottled water. The second circuit specifically stated that "loss of use of property allows for economic recovery in tort." *Id*. at 1113.

The evidence in the record in Ms. Beam's case to support an award for inconvenience is the stipulation that Ms. Beam was evacuated for two nights and three days and the testimony of her daughter and son-in-law that she had to sleep in a recliner the first night. Based on these facts, we cannot say that the trial court erred in awarding damages for evacuation/inconvenience to Ms. Beam.

However, as alternatively argued by Union Pacific, we do find that the trial court abused its discretion by awarding Ms. Beam $4,500.00 for evacuation/inconvenience where Union Pacific paid for her hotel and food costs during the second night of the evacuation and the evacuation only lasted two days.

In support of its argument, Union Pacific cites to *McDonald* and *England* to suggest that the highest reasonable award justified by this record is $50.00 per day. In *McDonald*, 546 So.2d 1287, the first circuit concluded that the highest reasonable award permissible for inconvenience, where the plaintiffs were forced to evacuate for two weeks and experienced two weeks of clean-up following a train

derailment that caused explosions and fires which damaged their property, was $5,000.00 per person for evacuation and inconvenience.

In *England*, 167 So.3d 1105, the second circuit awarded $50.00 per day for ten days for inconvenience damages due to the contaminated water supply plus an additional $100.00 for direct expenses for the cost of additional water supplies. The plaintiffs in *England* were not evacuated but were deprived of the use of water in their homes.

Additionally, the fourth circuit in *Adams v. CSX Railroads*, 01-114 (La.App. 4 Cir. 4/20/05), 902 So.2d 413, also reviewed the same leaking tank car fire involved in *In re New Orleans Train Car Leakage Fire Litigation*, 903 So.2d 9. Several plaintiffs sought review of the trial court's denial of their motion for new trial in which they alleged there was no factual basis to support the low damages awarded by the jury. On appeal, only one plaintiff's evacuation/inconvenience damage amount was challenged, that of Sandra August, who received $200.00 for physical pain and suffering as well as $500 for evacuation/inconvenience.[5] Ms. August evacuated her home in the morning and returned home the following day. She suffered from "eye, nose and throat irritation for two days[.]" *Id*. at 417. The fourth circuit found no abuse in discretion of the $500 awarded for Ms. August's evacuation and inconvenience.

In this case, the only inconvenience suffered by Ms. Beam was having to leave her home for forty-eight hours, during which she slept on her grandson's recliner for the first night. There is no evidence that she had to endure any

---

[5] Shunta Dickerson was awarded $100 for "evacuation *expenses*[,]" but those damages were not listed as "evacuation/inconvenience" damages as were Ms. August's damages. *Adams*, 902 So.2d at 417 (emphasis added).

particular hardship, especially considering that Union Pacific paid all expenses for room and board the second day/night.

Although the courts in *In re New Orleans Train Car Leakage Fire Litigation* and *McDonald* support high awards for inconvenience damages, we find these cases distinguishable based on the fact that the plaintiffs in those cases suffered either physical injuries and/or property damages along with their inconvenience damages.

However, we also find the *England* case distinguishable from the facts of this case because unlike Ms. Beam, the plaintiffs in *England* were not asked to evacuate and were not displaced from their homes. Instead, Ms. Beam was deprived of the full use and convenience of her home during the evacuation.

Accordingly, based on these facts where Ms. Beam was provided all expenses for room and board and did not suffer any physical or property damage, we find that the trial court's $4,500.00 award for evacuation/inconvenience was beyond that which a reasonable trier of fact could assess for inconvenience damages to Ms. Beam.

Thus, we hereby amend the evacuation/inconvenience damage award to the highest damage award for inconvenience supported by the record, $500.00 per day. Ms. Beam was evacuated sometime after 3:30 p.m. on August 4, 2013, the approximate time of the derailment. She spent one night at her grandson's house and one night at Evangeline Downs before she was permitted to return to her home. Thus, we hereby amend the evacuation/inconvenience award to $1,000.00.

**CONCLUSION:**

After a review of the record, we amend the trial court's evacuation/inconvenience damage award to $1,000.00 in general damages to

Pauline Beam and against Union Pacific Railroad Company.  Costs of this appeal are assessed one-half to Pauline Beam and one-half to Union Pacific.

**AMENDED AND, AS AMENDED, AFFIRMED.**